IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09-30038 |
| | ) | |
| JOSE LUIS HERNANDEZ NUNEZ, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Jose Luis Hernandez Nunez's Appeal of Magistrate Judge's Detention Order and Request for a *De Novo* Hearing (d/e 23) (Appeal).  Defendant Nunez is charged with possession with intent to distribute 40 kilograms of a mixture or substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  Indictment (d/e 8).  At the preliminary hearing, Nunez initially waived detention in a hearing before the United States Magistrate Judge Byron G. Cudmore.  Minute Entry entered April 27, 2009.  The Court, however, has no record of this hearing because the Magistrate Court's recording equipment failed to operate properly.  See Remark entered by

1

Courtroom Clerk entered June 3, 2009 (d/e 15)</u>.  Nunez subsequently filed a request to review the detention order.  <u>Defendant's Request to Review of Detention Order (d/e 13)</u>.  Judge Cudmore denied this request.  On appeal, this Court directed Judge Cudmore to conduct a detention hearing because of the lack of a record of the April 27, 2009, hearing in which Nunez waived his right to a detention hearing.  <u>Opinion entered June 11, 2009 (d/e 17)</u>.

Judge Cudmore then conducted the detention hearing on June 25, 2009.  The Court has reviewed the recording of that hearing.  The Court directs the Clerk's Office to place a copy of the recording in the Court's file. On July 6, 2009, Judge Cudmore then entered an order detaining Nunez. <u>Order of Detention entered July 6, 2009 (d/e 22) (Order of Detention)</u>. Nunez now appeals that Order.  For the reasons set forth below, the Court affirms the Order of Detention.

Nunez is entitled to appeal a detention order to this Court.  This Court must rule on the appeal promptly. 18 U.S.C. § 3145.  This Court, further, reviews this matter de novo.  <u>See</u> <u>United States v. Eaken</u>, 995 F.2d 740, 741 (7th Cir. 1993).  The audio recording from the June 25, 2009, hearing, along with the briefs and other materials filed by the parties before Judge Cudmore, are sufficient to provide a basis for prompt de novo review.

2

The Court, therefore, does not require another hearing. Also, in order to provide prompt consideration of this appeal, the Court will not wait for a response from the Government.

STATEMENT OF THE FACTS

The Magistrate Court conducted the detention hearing by means of proffer, as authorized by statute. 18 U.S.C. § 3142(f). The proffer from the Government established that on April 17, 2009, Nunez was driving a truck northbound on Interstate 55 in Logan County, Illinois. He was stopped by Illinois State Trooper Nate Miller for having improperly tinted windows and possibly a cracked windshield. Nunez then consented to a search of his vehicle. The search uncovered 40 kilograms of cocaine. Nunez was arrested. Nunez stated that he was a Missouri resident. He subsequently again told law enforcement officials that he was a Missouri resident. The Government further proffered information that Nunez was a citizen of Mexico who actually resided in California. Nunez had a California drivers license. He subsequently secured a Missouri drivers license and surrendered his California license.

Nunez proffered that he is a legal resident alien and has no prior criminal record. He resides in Exeter, California, with his wife, his adult

daughter and son, and his son's wife. Nunez represented that he has lived in the United States for thirty years. His children were born in the United States. He worked for 19 years for Cal Western Farms. Six years ago, Nunez started a trucking business. Nunez employs a bookkeeping service to keep the records of his trucking business. Nunez is an active member of Sacred Heart Church in Exeter, California. Nunez's brother Manuel Nunez lives in a nearby community of Farmersville, California. Nunez's best friend and godfather of his children, Socorro Graciola, also lives nearby in California. Nunez represented that he, Manuel Nunez, and Graciola, would all put their homes up as collateral for a bond for his release. Nunez provided no evidence as to the respective homeowner's equity in any of these properties.

## ANALYSIS

The purpose of the detention hearing was to determine whether a condition or combination of conditions placed on the release of Nunez from custody will reasonably assure: (1) the appearance of Nunez as required in this proceeding, and (2) the safety of any other person and the community. If no such condition or combination of conditions exists, then Nunez must be detained before trial. 18 U.S.C. § 3142(e). This Court reviews this

matter de novo.  This Court must consider the following factors in deciding whether a condition or combination of conditions of release exists that will ensure Nunez's appearance in this proceeding and protect individuals and the community:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including --

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry

>into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

Congress, further, established a rebuttable presumption that no condition or combination of conditions of release exist in this case because Nunez was charged with a drug trafficking felony with a maximum term of imprisonment that exceeds ten years. 18 U.S.C. § 3142(e)(3)(A). Nunez could rebut the presumption "by coming forward with some evidence that he will not flee or endanger the community if released." United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986). If Nunez met this burden, the presumption would no longer control the outcome, but the presumption, "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." Id. Nunez presented sufficient evidence to rebut the presumption. He had no criminal record, and he was a legal resident alien who had ties to the community in Exeter, California. Thus, there was some evidence that he would not flee or endanger the community if released. The

6

presumption, therefore, is an evidentiary factor that militates against release in this case.

The remaining evidence, when considered with the evidentiary factor of the rebutted presumption, leads to the conclusion that no condition or combination of conditions of release will ensure Nunez's presence in this proceeding and protect the community. He is charged with a serious offense of trafficking in 40 kilograms of cocaine. The evidence against him is strong. He was found with 40 kilograms of cocaine. He makes no argument that the cocaine should be suppressed. The penalties he is facing are also severe. Even under his own calculations, he is facing a sentence of more than seven years. <u>Appeal</u>, at 8. He is also facing the likely possibility of deportation after serving any criminal sentence. The possibility of imprisonment and deportation provides clear incentives to flee.

Nunez's citizenship also weighs in favor of detention. He is a Mexican citizen. If released on bond, he can travel to Mexico and avoid prosecution. As a citizen of Mexico, he will have no realistic fear of extradition. It is true that Nunez has strong ties to his community in Exeter, California: he is a long-time resident, he has a home and family there, he is active in his church, and he has a business there. These community ties may diminish

the likelihood that he will flee. However, if he is convicted he will not return to his family and community; he will be imprisoned and then most likely deported to Mexico. If he is released on bond, he could just go to Mexico now. Either way, he would be away from his community and, ultimately, in Mexico. If he fled now, however, he could avoid prison. Given his Mexican citizenship, the existence of his home and community ties do not outweigh the risk that he will flee.

    Nunez also argues that his friends and family will post their homes as collateral for his bond. This offer is commendable, but not persuasive. Nunez provides no evidence of the value of these properties or the equity in these properties. Thus, Nunez presents no evidence of the value of this security. Nunez has not persuaded the Court that the use of this property as collateral on a bond would significantly increase the likelihood that Nunez will appear in this proceeding.

    Nunez cites various authority to support his argument in favor of release. These cases are distinguishable on their facts or reflect the law of other Circuits that is not binding on this Court. Under the law of this Circuit and the evidence presented, the Court finds that no condition or combination of conditions of release from custody will reasonably assure:

(1) the appearance of Nunez as required in this proceeding, and (2) the safety of any other person and the community.

THEREFORE, Defendant Jose Luis Hernandez Nunez's Appeal of Magistrate Judge's Detention Order and Request for a *De Novo* Hearing (d/e 23) is DENIED. The Court affirms the Order of Detention entered July 6, 2009 (d/e 22).

IT IS THEREFORE SO ORDERED.

ENTER: July 21, 2009

    FOR THE COURT:

                                 s/ Jeanne E. Scott
                                 JEANNE E. SCOTT
                    UNITED STATES DISTRICT JUDGE